# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
       **Plaintiff,**

    **v.**                                    **Case No. 04-CR-186**

**ERNEST KNOX**
       **Defendant.**

## SENTENCING MEMORANDUM

Defendant Ernest Knox was charged with possessing a firearm as a felon. 18 U.S.C. § 922(g). He pleaded guilty and the probation office prepared a pre-sentence report, which set his offense level at 17 (base level 20, U.S.S.G. § 2K2.1(a)(4), minus 3 for acceptance of responsibility, § 3E1.1), and his criminal history category at IV, producing an imprisonment range of 37-46 months under the guidelines. Neither party objected to the guideline calculations, but defendant requested a non-guideline sentence of 24 months under 18 U.S.C. § 3553(a), while the government favored a sentence within the range.

In imposing sentence I am guided by the factors set forth in 18 U.S.C. § 3553(a). Those factors are:

    (1)    the nature and circumstances of the offense and the history and characteristics of the defendant;

    (2)    the need for the sentence imposed--
        (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
        (B) to afford adequate deterrence to criminal conduct;
        (C) to protect the public from further crimes of the defendant; and
        (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

> (3) the kinds of sentences available;
>
> (4) the sentencing range established by the guidelines;
>
> (5) any pertinent policy statements issued by the Sentencing Commission;
>
> (6) the need to avoid unwarranted sentencing disparities; and
>
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). After considering all of these factors, I must "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph 2." § 3553(a).

I typically group these factors into three general categories: the nature of the offense, the history and character of the defendant, and the needs of the public and the victims of the offense. I analyze each category and in so doing consider the specific statutory factors under § 3553(a).

### 1. Nature of Offense

Defendant was a passenger in a car pulled over by police for a traffic violation. While the car was still moving, he exited, threw down a gun and fled on foot. Officers recovered the gun and identified defendant as the person who fled from a finger print on the gun and a photograph. The next day officers attempted to arrest defendant at this aunt's house, he failed to emerge when ordered, and officers found him hiding under a pile of clothes.

The offense was very serious. As a convicted felon, defendant was not allowed to possess a firearm. He was stopped in a vehicle with other members of the "29th Street Hard Heads" gang, and fled from the officers. The firearm had a hollow point round in the chamber.

However, there were mitigating circumstances. Defendant stated that he possessed the gun because he had been beaten and threatened regarding his testimony in a homicide case. The government did not dispute that defendant was a witness in a homicide case against his cousin, or that he had been accosted by three masked men after he testified in a preliminary hearing in that matter. As defendant admitted, obtaining a gun was the wrong decision under the circumstances. He should have relied on the police to protect him rather than taking matters into his own hands. But it did place his actions in acquiring the gun in a different context.

### 2. Defendant's Background and Character

Although defendant was not quite 20 years old, he had already compiled a serious criminal record, with convictions for disorderly conduct, two convictions for controlled substances offenses, and an escape conviction. He committed the instant offense within a month of his release from the escape sentence. He was also non-compliant with the conditions of pre-trial release, and I remanded him into custody (in part because of his violations and in part for his own protection after the beating).

Defendant abused marijuana and dropped out of school after the 8th grade, joined a gang and began selling drugs. His employment record consisted of a single assignment for a temp agency. The record showed that he had little home life as a child; his mother was a drug addict and his father was not around. To his credit, defendant recently returned to school to obtain his GED, and I received transcripts verifying his efforts.

Also to defendant's credit, he testified against his cousin in the state murder trial, which resulted in a conviction. At sentencing, defendant stated that he did so because it

3

was the right thing to do, even though he had previously been beaten and the gallery at the trial was filled with hostile family members.

Defendant's girlfriend recently gave birth to his first child, and I received a letter from her indicating that defendant was needed in the child's life. Defendant also stated that his daughter was now the most important thing in his life. Finally, I also received a letter from defendant's mother requesting leniency based on his unstable upbringing.

### 3. Needs of Public

I believed that a substantial prison term was needed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence, and protect the public. As noted, this was a serious offense and reflected continued criminality. The previous sentences defendant received did not deter him, as he committed this offense within a month of release.

### 4. Consideration of Guidelines and Imposition of Sentence

The advisory guidelines called for a sentence of 37-46 months. Under all of the circumstances, I concluded that a sentence slightly below the range was appropriate. First, the range did not account for defendant's recent character development in pursuing his education and the courage he displayed in testifying against his cousin in the murder trial. Second, the range did not account for the circumstances under which defendant acquired the gun: he had recently been threatened and beaten by three armed and masked men concerning his testimony. Though acquiring a gun was the wrong thing to do under the circumstances, the apprehension that caused him to do so was understandable.

4

Case 2:04-cr-00186-LA   Filed 07/05/05   Page 4 of 5   Document 15

Therefore, I committed defendant to the custody of the Bureau of Prisons for 30 months. Under all of the circumstances, I found this sentence sufficient but not greater than necessary to comply with the purposes of sentencing. Due to the unusual circumstances leading to defendant's acquisition of the gun, a sentence below the guideline range did not create unwarranted disparity. I determined that defendant did not have the financial ability to pay a fine and so waived the fine.

I also imposed a supervised release term of three years. The maximum term was called for given defendant's record and correctional needs. The conditions of supervised release appear in the judgment.

**SO ORDERED**.

Dated at Milwaukee, Wisconsin this 5th day of July, 2005.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge